We will now turn to our second case for the day, Joseph E. Anderson v. A. Gonzales, case number 18-16338. This case is set for 10 minutes per side. Counsel, if you're ready, you may now proceed. Good morning, your honors, and may it please the court, Rajiv Betraja representing the Your honors, under this court's precedence, Mr. Anderson is administratively best enforcing. The best defender can be, so long as his grievance alerted his prison of the nature of his plight. That standard sets a low bar by design, and Mr. Anderson clears it with ease. Mr. Betraja, can I ask, before we get to that, about the issue of the court's jurisdiction? Because I have some concerns on that point, given the stipulation that was memorialized in the court order dismissing the entire case. Certainly, your honor, and yes, that stipulation is almost related to the main argument, but the stipulation does not deprive this court of jurisdiction. That stipulation operated to dismiss voluntarily only the claims of Mr. Anderson against defendant Gonzales, who is a co-defendant. Gonzales was the only live defendant in the case when the stipulation was signed. Mr. Leda is not mentioned at all in the stipulation. The stipulation was signed only for officer influence. Does civil rule 54 generally say that any decision in the processing of a case can be revised at any time before final judgment is entered? And if that's true, was it your client, in some ways, still alive at the time that the settlement was reached and the case was dismissed with prejudice? So, Judge Quinn, yes, I do think that earlier rulings could have been revised up until the point of final judgment, but I do not think that the stipulation of dismissal operated in any way to revise what happened to the claims against defendant Leda. I think it's notable here that counsel signed the stipulation only as possible for Gonzales, not as counsel for Leda. Rule 41A1A2, pursuant to which this stipulation was submitted, requires the stipulation to be signed by all parties covered by it. Right, but I mean, is there an adverse judgment, an actual order, as to the defendant you're seeking to appeal? Because there wasn't a ruling granting summary judgment in favor of Leda, but then the next thing that happened was a dismissal of the entire case. There's no separate adverse judgment from which you're appealing. All we have is a dismissal. Respectfully, Your Honor, I disagree. There was a ruling from the District Court granting summary judgment to Leda. Now, granted there was not a separate judgment, a separate document, but the federal rules don't require a separate document in order for there to be an appealable judgment. Was the Rule 54 order dismissing the case, did that dismiss the case only as to Lata or did it leave it open as to all parties? Did it only dismiss as to Gonzales or did it leave it open as to all parties? My recollection, Your Honor, is that it dismissed Leda from the case. I will confirm my understanding of that just to make sure I don't mislead you. But I believe it was only as that Leda was dismissed from the case, and that is why once things against Gonzales were resolved as they were with the stipulation of dismissal, that made the claims against Leda and the District Court's ruling granting summary judgment on those claims appealable and properly. But how, though, Mr. Mitraja, how without the judgment? I mean, it seems to me that if your client had wanted to preserve appellate rights as to Leda, the order that was entered, he should not have agreed to the stipulation that he did. He should have asked for a dismissal with prejudice as to one defendant, but then the entry of an adverse judgment as to the other. Instead, the entire case was dismissed. And it's accompanied with a settlement agreement that has a sweeping release that would cover any defendant in the case, which would include Leda. Judge Resto, I think that the stipulation of dismissal doesn't sweep quite as broadly as you suggest there. I don't think that it even purports to dismiss the claims against Leda, but instead covers only a dismissal of the claims against Gonzalez. Leda is not mentioned at all. Now, perhaps the judgment, the stipulation of dismissal could have been more explicit about the status of the claims against Leda. But, again, I don't think it purported to dismiss them. And to the extent that the document is ambiguous, I don't think that opens the door. Even if you get beyond the dismissal, how do you get around the settlement language? Well, Your Honor, the settlement agreement is not part of the stipulation of dismissal. It wasn't incorporated into the stipulation of dismissal as settlement agreements sometimes are. Well, isn't it an enforceable contract? The settlement agreement is an enforceable agreement between Mr. Anderson and Mr. Gonzalez. But in it, your client doesn't, it's not a reservation, you don't have any reservation of rights. You give a complete release, not just to Gonzalez, but to named or unnamed, served or unserved, or any past or current CDCR employees. You release all of them. And we don't dispute Judge Wynn that the release is broad, but the release, nonetheless, can be enforceable by Leda. Only if Leda is a third-party beneficiary of the contract. And California law is clear on that, and it governs the meaning of the settlement agreement. And so, under California law, to determine if Leda can enforce that rule, you have to look to the motivating purpose of the contract as well as the reasonable expectations of the party. And the record does not provide Officer Leda with what he needs to be able to enforce that agreement. Instead, the record all indicates that at least for Mr. Anderson, he did not have the intention or the purpose of releasing his claims against Officer Leda. And that makes it so that, at least before this court, Officer Leda cannot use the settlement agreement. And again, he doesn't actually even seek to enforce the settlement agreement in this action. The question instead is simply whether the stipulation of dismissal is enough on its face to deprive this court of jurisdiction. And because it does not unambiguously do so, we don't believe that this court should conclude that it lacks jurisdiction, and should instead reach the merits and rule for Mr. Anderson. I'm going to reserve the rest of the rebuttal. I do, yes. Thank you. Thank you. Good morning, Your Honors. Can you hear me? Yes. My name is Deputy Attorney General Justin Walker, appearing for Defendant Leda in this matter. This court should dismiss plaintiff's appeal for lack of jurisdiction for the following reasons. The settlement agreement in this case, as this court has indicated, covered all the plaintiff's claims, including all claims against CDCR-employed defendants. Furthermore, there is no evidence in the record, or the supplemental excerpts of records, showing that the plaintiff or the parties carved out any exceptions to that agreement. And finally, because this case was settled, there is no final appeal or order to confer appellate jurisdiction. Can I ask you a question? Why wasn't the settlement agreement signed on behalf of Leda, if he wasn't intended to be included? That would have been within your control, right? Your Honor, typically when a defendant is dismissed earlier on in the case, Sergeant Gonzalez was the only live defendant at the time of the settlement conference. However, it's standard practice to include all named, unnamed, served, or unserved defendants as part of a settlement agreement. As Rule 41 says, the rule is to resolve the case of actions, not claims. It was to resolve the action in its entirety. Were you involved in negotiating the settlement? Were you counsel below? Yes, Your Honor. Was there any discussion about carving out an exception, essentially, for Leda, and saying, let's get an adverse judgment entered against Anderson, a judgment in favor of Leda, so that we can appeal that? Your Honor, there is nothing in the record, or the supplemental excerpts of record, to show that there was any indication that that discussion was had, either with the magistrate judge, in the documentation, or anywhere else. However, should this court take jurisdiction of plaintiff's appeal, it should affirm the district court's ruling, granting Leda summary judgment for plaintiff's failure to exhaust his administrative remedies on his excessive force claim against defendant Leda, because, as the district court correctly pointed out, a plaintiff failed to put prison officials on notice of his excessive force claim in his staff complaint, and there's nothing in the record to show that prison officials otherwise prevented him from properly exhaustion. Well, I mean, I think you have a pretty good argument on jurisdiction, our jurisdiction, but I will confess, I have a hard time understanding your exhaustion point, especially when, in the second grievance, the prison essentially says, well, these excessive force claims are being dealt with in the first grievance, so I'm not really sure that works. Well, Your Honor, in the second grievance that Mr. Anderson was raising, that was for the challenge of disciplinary infraction for fighting with his cellmate, so those allegations were improperly brought at that time, and therefore CDCR enforced a procedural bar, Mr. Anderson, proceeding on those claims. Didn't he, in the second grievance, also allude to the excess force on the first? In his second grievance, didn't he also allude to the excess force? Your Honor, I believe, if I can go to the page on the second, he was talking about excessive force in the second, and prison officials responded by screening out those claims because his allegations of staff misconduct should have all been raised in that first appeal. But in the response to him, didn't they say, you're already dealing with this, you've already alleged this in the first one? Your Honor, yes, the prison officials responded that they were addressing his allegations of staff misconduct in the first appeal, that is correct. I think Judge Glynn and I have a similar question, which is why isn't that indicative of exhaustion on this claim? Well, Your Honor, because the proper forum for plaintiff to bring those allegations would have been in that first staff complaint, and he failed to do so. And as the Supreme Court has held, prisoners have to complete the grievance procedure properly. So he should have brought those allegations in his first staff complaint, which he has not. But that's not what the prison told him in the context of their communications in the second grievance. They didn't say, those are similar to the claims you're bringing in your first grievance, although we know you haven't actually raised them there. The import of the comments on the second grievance was that all these points you're raising are being dealt with in the first grievance. And that's why it seems reasonable to think that he would have exhausted them. Well, Your Honor, it's important to point out that in the first appeal procedure, when he was given the opportunity to, I believe it's in ER 41, when Mr. Anderson first identified Officer Leda, he told his appeal interviewer at that time, when he had the opportunity to provide any clarification of his appeal at that time, he said he had nothing further to add. And so it's not that he was prevented from exhausting his administrative remedies. He chose to do so improperly. Is there, under the California regulations, is there a time bar that stopped him from... The second grievance was filed how long after the first one? More than 30 days, Your Honor. The regulations would require him to bring those allegations within 30 days. But you didn't rely upon that in denying the grievance about the excess force case, did you? No, those officials did not. Your Honor, the other thing about this case is that because plaintiff reached the settlement of this case along and signed a stipulation for voluntary dismissal of prejudice of this action in its entirety, as this court held in Seidman v. Beverly Hills, this court has no jurisdiction at all over this appeal because there's no adverse or involuntary judgment for plaintiff to appeal from. And so in this case, this court should resolve the issues on jurisdiction because there's no... should not take up the exhaustion argument. And there's also no evidence in the record that prison vigil otherwise prevented him from exhausting his administrative remedies. So because there's no live case or controversy here, this court should dismiss plaintiff's appeal for lack of jurisdiction. And because plaintiff resolved all of his claims and waived all of his rights on appeal, this court lasts jurisdiction. Thank you, counsel. If there's no other questions, are you concluded? Yes, Your Honor. Okay. Thank you. Yeah, we'll hear rebuttal then. Thank you, Your Honors. Just a few points quickly. I think, Your Honors, that this court can conclude that it lacks jurisdiction only if it concludes that the stipulation of dismissal unambiguously disposed of the entire case. There's a couple of cases from this court that I'd like to direct the panel's attention to. The Bliton case at 609, House Sackle's, 1335. There, the court made clear, this court made clear, that you shouldn't construe a stipulation to dismiss an entire case unless that point is unequivocal. And relatedly, in the McNamara case, 8 F. 3rd, 28, this court, in an unpublished ruling, stated essentially that a party that is seeking to avail itself of a stipulation of dismissal needs to have signed it. I'm not aware of any precedent for a party who did not sign a stipulation of dismissal, as has been stated with Officer Leda here, nonetheless invoking it in order to dismiss an appeal. And critically, I think, because as a result, Officer Leda can utilize the stipulation of dismissal only if that stipulation is ambiguous. Extrinsic evidence becomes relevant for the stipulation. I think if the court looks at items like the hearing transcript, at page 23 of the excerpt of record, the notice of appeal that Mr. Anderson filed, which named only Leda, not Gonzales. I guess, how do you deal with, there is no judgment, there's no judgment in favor of Leda here. That document does not exist. So, there was an opinion that granted some re-judgment, but then sometime later there was a settlement that resulted in the dismissal of the whole case. So, I just don't see what order you're even appealing from. Well, Your Honor, I don't believe a separate document is essential in order for the order that dismissed the claims against Leda, as the district court's ruling on summary judgment on exhaustion grounds did, in order for that to be appealable. Oftentimes, most of the time, yes, you do have a separate judgment, a separate document. But I think the federal rules do permit a ruling to be appealed, even if it isn't memorialized in a separate judgment. And for that reason, we do think it's an appealable order. To the extent the court has any questions about the facts that led to that stipulation, that could be looked into on remand. But I think when the stipulation is at best ambiguous for Leda, the court can't conclude on this record that it lacks jurisdiction. Unless the court has any further questions, we'll ask the court to reverse. Thank you, counsel. This case is submitted. Judge Nelson, if I can just really quickly, this is a pro bono case, and I can do the honors, or you can, but I did want to thank Mr. Madreja and his team for representing Mr. Anderson, enabling this case. Thank you, Your Honor. The privilege is ours. Thank you so much, counsel. We appreciate it, and we will submit the case, and thank you.
judges: R. Nelson, Bress, Gwin